# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

DAVID J. HYDE,

    Plaintiff,

v.

ANDREW SAUL, Commissioner of Social Security,

    Defendant.

Case No. 2:18-cv-01259-DJA

**ORDER**

This matter involves the review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff David J. Hyde's ("Plaintiff") applications for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Act. The Court has reviewed Plaintiff's Motion for Reversal and/or Remand (ECF No. 20), filed on October 9, 2019, and the Commissioner's Response and Cross-Motion to Affirm (ECF Nos. 22-23), filed on November 8, 2019. Plaintiff filed a Reply (ECF No. 24) on November 27, 2019.

**I.    BACKGROUND**

    **1.    Procedural History**

Plaintiff applied for supplemental security income on October 30, 2014, and for disability insurance benefits on April 18, 2015, alleging an onset date of September 1, 2009. AR[1] 236-41 and 242-43. Plaintiff's claims were denied initially, and on reconsideration. AR 101, 115 and 148-49. A hearing was held before an Administrative Law Judge ("ALJ") on July 10, 2017. AR 47-84. On August 24, 2017, the ALJ issued a decision denying Plaintiff's claim. AR 23-46. The

---

[1] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 16).)

ALJ's decision became the Commissioner's final decision when the Appeals Council denied review on May 14, 2018. AR 12-17. On July 10, 2018, Plaintiff commenced this action for judicial review under 42 U.S.C. §§ 405(g). (*See* Motion/Application for Leave to Proceed *in forma pauperis*. (ECF No. 1).)

**2.    The ALJ Decision**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920.[2] AR 23-46. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of September 1, 2009 through the date of the decision. *Id.* at 29. At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of depression, anxiety, and ulnar neuropathy. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* He rated the paragraph B criteria as mild, moderate, moderate, and mild. *Id.* at 30. The ALJ found that Plaintiff did not meet the C criteria. *Id.* at 31.

At step four, the ALJ found that Plaintiff has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that his left upper extremity is limited to occasionally fingering and feeling while the right upper extremity is not limited; his gross bilateral handling is not limited; he should avoid work in extreme cold, he can frequently balance, stoop, kneel, crouch, and crawl; he cannot climb ladders, ropes or scaffolds but can frequently climb ramps and stairs; he cannot have work around unprotected heights or dangerous moving machinery; he is capable of understanding, remembering, and carrying out limited to simple, non-detailed, non-complex work; with this simplistic limit he could make decisions, attend and deal appropriately with workplace peers, bosses, and occasional workplace changes; he could have occasional interaction with coworkers and supervisors but no group projects, high

---

[2] The regulations relevant to Title II and Title XVI claims are almost identical; the Court will only cite Title II regulations for the remainder of this Order.

production quota or fast paced activity, such as an assembly line worker; he can perform work of an unskilled, repetitive, routine nature with few variables.  AR 31.

The ALJ found that Plaintiff is not capable of performing any past relevant work.  AR 37.  At step five, the ALJ found Plaintiff to be a younger individual age 18-49 on the alleged disability onset date, subsequently changed age category to closely approaching advanced age, have at least a high school education, able to communicate in English, and transferability of job skills not material, and there are jobs that exist in significant numbers in the national economy that he can perform.  *Id.* at 40.  The ALJ considered the Medical-Vocational Rules 202.21 and 202.14 along with the erosion of the unskilled light occupational base due to the additional RFC limitations and relied on vocational expert testimony to find the following jobs were capable of being performed: parking lot attendant and production helper, with the latter at both the light and sedentary levels.  *Id*.  Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from September 1, 2009 through the date of the decision.  *Id*. at 41.

## II. DISCUSSION

### 1. Standard of Review

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g).  *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).  Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides."  The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  *Id.*  The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner de novo.  *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence.  *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005).  However, the Commissioner's findings may be set aside if they are based on legal error or not supported by

substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

### 2. **Disability Evaluation Process**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous

period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his/her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his/her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he/she can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two. Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[3] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

---

[3] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); see also SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 16-3p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform his/her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

1    The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his/her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If he/she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

**3.     Analysis**

      **a.     Whether the ALJ's Opinion Evidence Assessment Is Supported**

Plaintiff contends that the ALJ erred in affording the opinions of non-examining State agency physicians Lon Olsen, Ph.D. and Phaedra Caruso-Radin, Psy.D. some weight. (ECF No. 20, 9-11). Specifically, he argues that the ALJ should have included a mental RFC limitation regarding interaction with the public based on their opinions. (*Id.* at 9-10). Plaintiff also highlights that his treating providers assessed Plaintiff with greater mental limitations than those included in Dr. Olsen's opinion and Dr. Caruso-Radin's opinion. (*Id.* at 10-11). He claims that the ALJ's reliance on subsequent evidence after their opinions were submitted is illogical and selectively considered some entries in the medical record. (*Id.* at 11-12). Therefore, Plaintiff contends the lack of restriction in interacting with the public is not harmless error because it is not clear that he can perform the jobs cited at step five. (*Id.* at 12-15).

The Commissioner responds that the ALJ articulated legally sufficient reasons for assigning some weight to the Dr. Olsen's and Dr. Caruso-Radin's opinions with citation to the medical evidence of record. (ECF No. 22, 2). However, the Commissioner claims that it would only be harmless error if the ALJ should have specifically addressed the public interaction restriction in their opinions because the step five finding would still be supported by the vocational expert's testimony. (*Id.*). Indeed, the Commissioner argues that even if the ALJ had fully adopted Dr. Olsen's and Dr. Caruso-Radin's opinions, they found Plaintiff's mental impairments were not of a disabling level, which supports the ALJ's denial of benefits. (*Id.* at 15-16).

Plaintiff replies that his limited participation in public outings fails to establish an inconsistency with Dr. Olsen's and Dr. Caruso-Radin's opinions that he is restricted in interaction with the public. (ECF No. 24, 3). Further, Plaintiff argues that the occupations cited at step five conflict with the limitations assessed by Dr. Olsen and Dr. Caruso-Radin so the ALJ's failure to properly address that part of their opinion and ask the vocational expert about a public interaction limitation requires remand. (*Id.* at 4).

The Court finds that ALJ's evaluation of the opinion evidence is supported by substantial evidence. In deciding how much weight to give a medical opinion, the ALJ considers factors including, e.g., the treating or examining relationship of the opinion's source and the claimant; how well the opinion is supported; and how consistent the opinion is with the record as a whole. See 20 C.F.R. § 404.1527(c). In evaluating medical opinions, the ALJ must provide "clear and convincing" reasons supported by substantial evidence for rejecting the uncontradicted opinion of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995).

Here, the ALJ assigned some weight to Dr. Olsen's and Dr. Caruso-Radin's opinions. He noted that considerable evidence had been submitted after their opinions, which is typical of the timing of these matters given that the opinions were issued at the initial and reconsideration levels, respectively. AR 34-35. Further, the ALJ highlighted the subsequently submitted medical evidence that showed Plaintiff responded well to medication, showed good judgment, and was able to attend public functions. *Id.* at 36. This is a sufficient explanation for the Court to determine the reasons for the weight assigned. *See Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

In reviewing the ALJ's opinion evidence assessment, the Court is not persuaded by Plaintiff's argument that the ALJ erred in not adding a mental RFC limitation regarding interacting with the public based on Dr. Olsen's and Dr. Caruso-Radin's opinions. Indeed, the ALJ set forth many mental RFC limitations including that Plaintiff is limited to unskilled work and occasional interaction with coworkers and supervisors as consistent with SSR 85-15. AR 31. The ALJ also considered all of the opinion evidence and identified the reasons for the weight

assigned along with issuing a hypothetical question to the vocational expert with the assigned RFC. AR 34-36 and 71-73.

Under these circumstances, the ALJ's findings are entitled to deference. *See Lewis v. Astruethe*, 498 F.3d 909, 911 (9th Cir. 2007) ("[I]f evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld."). The Court does not find merit to Plaintiff's allegation that the ALJ cherry-picked through the evidence and substituted his own opinion to support the lack of limitation with respect to interacting with the public in the assigned RFC. Rather, the ALJ gave a thorough summary of the medical evidence along with an explanation of his consideration of Plaintiff's subjective testimony, including his anxiety around other people. AR 32-37. Finally, the Court finds that even if the ALJ should have specifically addressed the level of Plaintiff's limitation with interacting with the public in the RFC, it is nothing more than harmless error. Dr. Olsen's and Dr. Caruso-Radin's opinions do not support finding Plaintiff to be disabled. Moreover, the Court can infer from the record and the hearing testimony from the vocational expert that the parking lot attendant position would involve only brief and superficial interaction with the public. AR 73. The Court does not find any unresolved conflict between the vocational expert's testimony and the DOT the requires remand. Therefore, the Court concludes that the ALJ's decision is supported by substantial evidence and free from reversible legal error.

### III. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No. 20) is **denied**.

IT IS FURTHER ORDERED that the Commissioner's Cross-Motion to Affirm (ECF No. 22) is **granted**.

The Clerk shall enter judgment accordingly and close the case.

DATED: February 11, 2020

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE